# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 4, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**GRANVILLE SESCO,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-138**        (JCN: 2017030136)

**BROOKS RUN SOUTH MINING, LLC, C/O ANR**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Granville Sesco appeals the March 4, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Brooks Run South Mining, LLC c/o ANR ("Brooks Run") timely filed a response.[1] Mr. Sesco did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted a 1% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sesco worked as a maintenance foreman for Brooks Run. He completed an Employees' and Physicians' Report of Occupational Injury or Disease on June 22, 2017, which stated that he twisted his right knee while lifting a speed reducer while at work. The physician's portion of this report was completed by medical personnel at Raleigh General Hospital, with the diagnosis listed as an occupational injury to the right knee. The physician's portion of the report also stated that Mr. Sesco was able to return to work with modified duty.

On June 27, 2017, Mr. Sesco underwent an MRI of his right knee, which revealed joint effusion; no abnormalities in cruciate and collateral ligaments; bone contusion medial femoral condyle; and tear of posterior horn of medial and lateral meniscus. On July 16, 2017, the claim administrator held the claim compensable for sprain of medial collateral ligament of the right knee.

---

[1] Mr. Sesco is represented by Reginald D. Henry, Esq, and Lori J. Withrow, Esq. Brooks Run is represented by Sean Harter, Esq.

Mr. Sesco underwent an arthroscopic right knee medial meniscectomy performed by Prakash Puranik, M.D., on August 15, 2017. The postoperative diagnosis was medial meniscal tear of the right knee.

Mr. Sesco thereafter underwent several independent medical evaluations ("IME") to determine whether he suffered any permanent impairment related to his medial meniscal tear of the right knee. On November 22, 2017, Prasadarao Mukkamala, M.D., performed the first IME on Mr. Sesco. During that IME, Mr. Sesco reported that his right knee hurt when he walked on inclines and that his knee periodically swelled. Mr. Sesco's diagnosis was sprain of the right knee, status post partial medial meniscectomy. Dr. Mukkamala opined that Mr. Sesco had reached maximum medical improvement ("MMI") for the compensable injury, and that no further treatment was necessary. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala found that Mr. Sesco had 0% impairment for range of motion. Using Table 64 of the *Guides*, Dr. Mukkamala recommended 1% WPI due to Mr. Sesco's partial medial meniscectomy.

By order dated November 30, 2017, the claim administrator added tear of the medial meniscus of the right knee as a compensable diagnosis in the claim. By separate order dated December 13, 2017, the claim administrator granted Mr. Sesco a PPD award of 1% based on Dr. Mukkamala's recommendation.

On June 1, 2018, Mr. Sesco followed up with Dr. Puranik regarding his arthroscopic right knee medial meniscectomy surgery. Dr. Puranik noted that Mr. Sesco's x-rays showed mild medial compartmental arthritis in the right knee and very advanced medial compartment arthritis in the left knee. Mr. Sesco denied having pre-injury pain in his right knee but noted that since then, his pain had been worsening. Dr. Puranik indicated that the evidence of arthritis was related to the medial meniscal tear. According to Dr. Puranik, Mr. Sesco's left knee active and passive ranges of motion were normal.

On May 20, 2022, Robert B. Walker, M.D., performed a second IME of Mr. Sesco. During that IME, Mr. Sesco reported that he continued to experience pain and swelling in the right knee, and that it frequently locked up. Dr. Walker explained that Mr. Sesco had developed post meniscectomy syndrome. Using the *Guides*, Dr. Walker placed Mr. Sesco under the 'moderate' category in Table 41 and recommended an 8% WPI for abnormal range of motion in the right knee. Dr. Walker commented that there was no evidence on which to base apportionment. On August 3, 2022, Mr. Sesco requested that his PPD benefits be reopened based on Dr. Walker's report. By order dated August 17, 2022, the claim administrator granted Mr. Sesco's request to reopen his claim for consideration of additional PPD benefits.

On September 28, 2022, Dr. Mukkamala performed an additional IME of Mr. Sesco. Mr. Sesco reported that his right knee was hurting on and off, particularly with stair

climbing. Dr. Mukkamala's diagnosis was sprain of the right knee, post status arthroscopic medial meniscectomy. Dr. Mukkamala opined that Mr. Sesco had reached MMI for the compensable injury. Using Table 64 of the *Guides*, Dr. Mukkamala again recommended 1% WPI for the right knee medial meniscectomy. Dr. Mukkamala also reviewed the report of Dr. Walker and stated that he disagreed with Dr. Walker's findings of 8% WPI. Dr. Mukkamala noted his own evaluation of Mr. Sesco revealed normal and full range of motion, and therefore Dr. Walker's recommendation of 8% WPI was based upon an erroneous finding. On October 14, 2022, the claim administrator issued an order stating that Mr. Sesco had been fully compensated by his prior 1% PPD award and closed the claim for PPD benefits based on Dr. Mukkamala's report.

Next, Michael Kominsky, D.C., performed an IME of Mr. Sesco on December 7, 2022. Mr. Sesco reported intermittent pain and swelling in the right knee and stated that while surgery helped some with the pain, his knee never returned to its original strength. Dr. Kominsky opined that Mr. Sesco had reached MMI for the compensable injury and recommended that he continue physical therapy to avoid further impairment and maintain range of motion. Dr. Kominsky rated the injury under the range of motion model, using Table 41 of the *Guides*, and placed Mr. Sesco in the Moderate Category due to a loss of extension of the right knee and recommended 8% WPI for the right knee. Dr. Kominsky also performed a diagnosis-based impairment rating using Table 64 of the *Guides* and recommended 1% WPI for right medial meniscectomy. Also, there was a compensable diagnosis of medial collateral ligament sprain and a finding of moderate laxity in that ligament. Dr. Kominsky used Table 41 and rated the condition at 7%, which he combined with the 1% for the meniscectomy, thereby finding a total of 8% WPI. In other words, Dr. Kominsky assessed Mr. Sesco with an 8% WPI using both the range of motion model and the diagnosis-based impairment model. Dr. Kominsky found that no apportionment was necessary.

On October 24, 2023, Mr. Sesco underwent an IME performed by David Soulsby, M.D. Mr. Sesco reported continued pain in the right knee, and popping and cracking especially when going downstairs. Dr. Soulsby's assessment was a torn meniscus in the right knee and osteoarthritis in the right knee. Dr. Soulsby opined that Mr. Sesco had reached MMI for the compensable injury. Using Table 41 of the *Guides*, Dr. Soulsby found no ratable impairment for range of motion of the right knee. Dr. Soulsby recommended an impairment rating of 1% WPI for the right medial meniscectomy. Dr. Soulsby also reviewed and commented on the evaluations of Drs. Walker and Kominsky. Specifically, he opined that neither doctor's impairment findings were reliable, as Mr. Sesco had demonstrated better range of motion during his examination than was described by Drs. Walker and Kominsky in their reports.

On March 4, 2024, the Board issued an order affirming the claim administrator's order which granted a 1% PPD award for the compensable right knee injury. The Board found that the weight of the medical evidence supported Dr. Mukkamala's and Dr.

3

Soulsby's findings that Mr. Sesco had normal range of motion in the right knee, and that he was entitled to 1% WPI under the *Guides*. It is from this order that Mr. Sesco now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __S.E.2d __ (2024).

On appeal, Mr. Sesco argues that the Board was clearly wrong in finding that he did not prove by a preponderance of the evidence that he sustained more than a 1% WPI for his compensable injury. Mr. Sesco also argues that Drs. Mukkamala and Soulsby both disregarded Mr. Sesco's clinically reported symptoms, and that the Board was clearly wrong to rely on their reports. We disagree.

Upon review, we find that Mr. Sesco has failed to demonstrate that the Board's findings and conclusions were clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we are unable to conclude that the Board erred in affirming the claim administrator's order, which concluded that Mr. Sesco had been fully compensated by his 1% PPD award and closed the claim for PPD benefits.

The Board found that the reports of Drs. Walker and Kominsky were not persuasive, as their findings of 8% WPI for range of motion abnormalities were not supported by the weight of the medical evidence. Further, the Board noted that Drs. Mukkamala and Soulsby both found normal range of motion in the right knee, and their findings were corroborated by the medical findings of Dr. Puranik, Mr. Sesco's treating surgeon. The Board concluded that Dr. Mukkamala and Dr. Soulsby's recommendations of 1% WPI were supported by the medical evidence. We find no error in this decision and defer to the Board's credibility determinations. *See Martin v. Randolph Cnty. Bd. of Educ*., 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence. . . .).

Accordingly, we affirm the Board's March 4, 2024, order.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

5